FILED

OCT 13 AM 10:02

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
OCT 13 2000

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| SCOTT BEMISH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. |
| | ) |
| NEW YORK TIMES BROADCASTING | ) 99-C-1770-NE |
| SERVICES, INC., operating as | ) |
| WHNT-TV, et. al, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM OPINION
## ON MOTION FOR SUMMARY JUDGMENT

The plaintiff filed a complaint alleging breach of contract and fraud in the Circuit Court of Madison County on June 3, 1999. The case was removed to this Court on July 9, 1999. Pending before the Court is a Motion for Summary Judgment filed by the defendant. Upon careful consideration of all submitted materials, the Court concludes that Defendant is entitled to summary judgment as a matter of law on the fraud claim. On the advertising of personality claim, the Court will treat the defendant's Motion for Summary Judgment as a Motion to Strike and grant the motion. However, the Court concludes that genuine issues of material fact preclude summary judgment on the breach of contract claim.

### I. BACKGROUND

The relevant material facts viewed in light of the plaintiff are as follows:

Defendant New York Times Broadcasting Service, Inc. employed Scott Bemish ("Plaintiff" or "Bemish") as an editor at its WHNT-TV in the summer of 1991. In 1992, Plaintiff became a producer. In October 1994, Plaintiff began producing "19 Outdoors," an outdoors show.

On February 20, 1997, Defendant and Bemish entered into an employment agreement ("the Agreement"). The period of employment was from January 1, 1997 to December 31, 1999 "unless terminated sooner as provided" under the Agreement. No other written or oral agreement between the parties supercedes the Agreement.

Pursuant to the Agreement, the Defendant may terminate the plaintiff's employment "at any time and for any reason." The Agreement also provides that the plaintiff's employment may be terminated "for cause."

Bemish was fired by the defendant on August 31, 1998. Pursuant to the Agreement, Bemish demanded arbitration of his breach of contract and a breach of fraud claims. On March 23, 1999, the defendant refused to arbitrate.

## II. LEGAL STANDARD

The law governing summary judgment is well settled. Summary Judgment is properly granted when (1) there is no genuine issue of material fact and (2) the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); See Earley v. Champion Int'l Corp., 907 F.2d 1077, 1081 (11th Cir. 1990). A fact is deemed material if it might affect the outcome of the litigation. See Mulhall v. Advance Security, Inc., 19 F.3d 586, 590 (11th Cir. 1994), cert. denied, 115 S. Ct. 298 (1994). The substantive law

governing the dispute determines whether facts are material. See <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (11th Cir. 1986).

The moving party bears the burden of establishing the lack of genuine issue of material facts. Once met, the burden shifts to the nonmoving party to demonstrate the existence of a triable issue of material fact. See <u>Chanel, Inc. v. Italian Activewear, Inc.</u>, 931 F.2d 1472, 1477 (11th Cir. 1991). The Court views all facts in the light most favorable to the nonmoving party.

### III. DISCUSSION

To prevail on a fraud claim, the plaintiff must show that (1) WHNT-TV made a false representation; (2) of a material fact; (3) on which the plaintiff reasonably relied; and (4) which proximately caused injury or damage to the plaintiff. See <u>Bethel v. Thorn</u>, 757 So. 2d 1154, 1161 (Ala. 1999); <u>Wilma Corp. v. Fleming Foods of Alabama</u>, 613 So. 2d 359 (Ala. 1993). The plaintiff's fraud claim is based upon the defendant's alleged breach of the Agreement. However, the mere failure to perform a contract does not in, and of itself, demonstrate the intent not to perform. See <u>Old Southern Life Ins. Co. v. Woodall</u>, 326 So. 2d 726, 729-30 (Ala. 1976). If failure to perform is *ipso facto* sufficient to establish a breach of contract, then every breach of contract action would be simultaneously be a fraud claim. Therefore, the Court concludes that the plaintiff has not shown substantial evidence of fraud. The defendant is entitled to judgment as a matter of law on this fraud claim.

The deadline for amending pleadings was January 31, 200 and discovery expired

3

on May 31, 2000. Subsequent to these dates, the plaintiff added a new claim: advertising of personality. Obviously, this claim is untimely. The defendant's Motion for Summary Judgment is treated by the Court as a Motion to Strike. Treated as such, the motion will be granted.

Genuine issues of material fact surround the breach of contract claim. The contractual language drafted by the defendant is ambiguous. The trier of fact must determine the intent of the parties and the meaning of the language.

These conclusions will be embodied on a separate order.

DONE this 13th day of October 2000.

_____
Chief United States District Judge
U. W. Clemon